IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MIKE SETTLE #207584, | ) |
|     Petitioner, | ) |
| | ) NO. 3:21-cv-00735 |
| v. | ) |
| | ) JUDGE RICHARDSON |
| MARTIN FRINK, Warden, | ) |
|     Respondent. | ) |

## ORDER

Petitioner Mike Settle, a pro se state prisoner, filed a habeas corpus petition under 28 U.S.C. § 2241[1] (Doc. No. 1), a supplement to the petition (Doc. No. 6) and two properly completed applications to proceed as a pauper. (Doc. Nos. 9, 11.) This action is before the Court for a ruling on the applications and a preliminary review of the petition. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"); Habeas Rule 1(b) (allowing application of Habeas Rules to any habeas petition). As explained below, the petition will be denied, and this action will be dismissed.

**I.    Applications to Proceed as a Pauper**

The Court may authorize a petitioner to file a habeas petition without paying the filing fee. 28 U.S.C. § 1915(a); Habeas Rule 3(a)(2). Petitioner's applications to proceed as a pauper reflect that he cannot pay the $5 filing fee. (Doc. Nos. 9, 11 at 3 (reflecting a balance of one cent in Petitioner's inmate trust account).) Accordingly, Petitioner's applications will be granted.

---

[1] Petitioner invokes Section 2241, but because he is currently "in custody pursuant to the judgment of a State court," the petition is properly brought under 28 U.S.C. § 2254. *See Whitley v. Horton*, No. 20-1866, 2020 WL 8771472, at *1 (6th Cir. Dec. 11, 2020) (collecting cases for the proposition that Section 2254 is "the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody"). In any event, that distinction has no impact on the Court's preliminary review of the petition.

**II.     Preliminary Review**

Under Habeas Rule 4, the Court must summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *See also Crump v. Lafler*, 657 F.3d 393, 396 n.2 (6th Cir. 2011) (citing *McFarland v. Scott*, 512 U.S. 849, 856 (1994)). A petition meets this standard "when it raises 'legally frivolous claims' or 'factual allegations that are palpably incredible or false.'" *Pillow v. Burton*, 852 F. App'x 986, 989 (6th Cir. 2021) (citations omitted).

Petitioner's claims are legally frivolous.[2] Petitioner alleges that he is currently serving a state sentence, subject to a federal detainer. (Doc. No. 1 at 1–3.) Petitioner sought parole to the federal detainer so that "both sentences can run at the same time." (*Id.* at 3.) The Tennessee Board of Parole ("Parole Board") had a parole hearing set for August 2021, but it did not hold the hearing (*id.* at 6), and Petitioner has not been granted parole. (*Id.* at 3–4.) Petitioner requests that this Court "alter" the Parole Board's result. (*Id.*) He also states that he is "not claiming entitlement to parole, but challenging procedures used to determine [his] parole 'hearing.'" (Doc. No. 6 at 3.)

This is far from the first time that Petitioner has used a federal habeas petition to attempt to challenge the Parole Board's procedures or results. *See Settle v. Parris*, No. 3:19-cv-00515-TAV-HBG, 2020 WL 88870, at *2 n.2 (E.D. Tenn. Jan. 7, 2020) (noting, in the process of screening out Petitioner's federal habeas petition challenging procedures used to determine his parole eligibility date, that "Petitioner is a prolific filer of federal civil actions seeking habeas corpus relief and relief under § 1983"). Indeed, in late 2018 in the Eastern District of Tennessee,

---

[2] Petitioners generally cannot obtain federal habeas relief unless they first exhaust available state court remedies. *See* 28 U.S.C. § 2254(b)(1). Here, however, the petition is plainly without merit, so the Court need not address exhaustion. *See id.* § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

2

Petitioner filed a similar petition challenging the Parole Board's "decision to deny his petition for parole to a federal detainer." *Settle v. Parris*, No. 3:18-cv-00521-TWP-DCP, Doc. No. 3 at 2 (E.D. Tenn. Dec. 17, 2018). The Court denied the petition at the preliminary review stage, for two reasons. First and foremost, Petitioner did not have a constitutional right to parole. *Id.*, Doc. No. 3 at 3 (citations omitted); *see also Settle v. Parris*, 3:19-CV-302-TAV-DCP, 2019 WL 5232621, at *2 (E.D. Tenn. Oct. 16, 2019) ("Because Tennessee law provides the parole board with discretion in determining parole eligibility, Petitioner has no protected liberty interest in parole and no basis for a challenge to the calculation of his parole eligibility."). Second and relatedly, under the Parole Board's rules, the Parole Board "has discretion to decide whether to grant parole to an inmate subject to a detainer." *Settle*, No. 3:18-cv-00521-TWP-DCP, Doc. No. 6 at 3–4 (denying request for reconsideration based on Parole Board rule that Petitioner claimed "was in effect when he came to prison").

Likewise, in mid-2013 in the Western District of Tennessee, Petitioner filed a petition requesting "release on parole to federal detainer sentence." *Settle v. Jones*, No. 2:13-cv-02514-SHM-tmp, Doc. No. 48 at 21 (W.D. Tenn. Feb. 17, 2016). The Court denied the petition and denied a certificate of appealability (COA). *Id.*, Doc. Nos. 48, 49 (W.D. Tenn. Feb. 17, 2016). The Sixth Circuit Court of Appeals then denied Petitioner's renewed request for a COA, reasoning, in part: "Because Settle has neither a constitutional right to parole nor a protected liberty interest created by mandatory state parole laws, he cannot maintain a habeas corpus claim based on the denial of parole or the denial of his due process rights during the parole proceedings." *Settle v. Phillips*, No. 16-5251, Doc. No. 8-2 at 3 (6th Cir. June 30, 2016); *see also Settle v. Tenn. Dep't of Corr.*, 487 F. App'x 290, 291 (6th Cir. 2012) (citations omitted) ("We have previously held that Tennessee law

has not created a liberty interest in parole eligibility. Because Settle has no substantive liberty interest in parole, the procedures used to deny him parole cannot be challenged.").

In short, just as Petitioner could not bring a federal habeas petition in the Eastern and Western Districts of Tennessee asserting claims and a right to requested relief similar to what he is now asserting, he cannot now challenge the procedures allegedly used by the BOP to decline to hold a hearing in August 2021 and to deny his request for release to a federal detainer. *See also Adams v. Genovese*, No. 18-5672, 2019 WL 2713118, at *2 (6th Cir. Jan. 8, 2019) (citations omitted) ("[W]hether the state parole board provided [a Tennessee habeas corpus petitioner] a hearing . . . is not of constitutional import.").

Because this is a "final order adverse to" Petitioner, the Court must grant or deny a COA. Habeas Rule 11(a). A COA requires "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Petitioner has not satisfied this standard, so the Court will deny a COA. Petitioner may, however, seek a COA from the United States Court of Appeals for the Sixth Circuit under Federal Rule of Appellate Procedure 22. Habeas Rule 11(a).

### III. Conclusion

For these reasons, Petitioner's applications to proceed as a pauper (Doc. Nos. 9, 11) are **GRANTED**, the petition (Doc. No. 1) is **DENIED**, and the Court **DENIES** a COA. Petitioner may, however, seek a COA directly from the Sixth Circuit.

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE